**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7873**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

NORWOOD WALLACE BARBER, JR., a/k/a Pee Wee Barber,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:05-cr-00015-SGW-1; 5:12-cv-80501-SGW-RSB)

Submitted: April 25, 2013          Decided: April 29, 2013

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Norwood Wallace Barber, Jr., Appellant Pro Se. Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norwood Wallace Barber, Jr., seeks to appeal the district court's order dismissing his motion filed pursuant to Fed. R. Civ. P. 60(b) or, alternatively, 28 U.S.C.A. § 2255 (West Supp. 2012) as an unauthorized successive § 2255 motion.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484–85.

---

[*] To the extent Barber alleged a defect in the collateral review process, and his motion constituted a true Rule 60(b) motion, Gonzalez v. Crosby, 545 U.S. 524, 535-36 & n.7 (2005); United States v. Winestock, 340 F.3d 200, 206-08 (4th Cir. 2003), we conclude the district court properly denied relief.

We have independently reviewed the record and conclude that Barber has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Barber's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. Winestock, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255(h) (West Supp. 2012). Barber's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

3